UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HECTOR DEJESUS,
   Plaintiff,

vs.                                           No. 02-1216

STEPHEN MOTE, et.al.,
   Defendants

## ORDER

     This cause is before the court for consideration of the plaintiff's motion for reconsideration of the court's dismissal order. [d/e 74] On March 16, 2005, the court granted the defendants' motions to dismiss the complaint.

     The plaintiff makes two claims in his motion. First, the plaintiff states that the court ordered the plaintiff to continue making payments on the $150 filing fee even though he had already paid the fee in full. The plaintiff is correct. The court will strike this portion of the order. The court also notes that the clerk has received no additional payments in this case, so there has been no overpayment.

     Second, the plaintiff states that the court did not consider his claim that women in maximum security prisons have full privacy rights while men do not, and "therefore, the complaint alleges a violation or discrimination based on sex or gender based." (Plain. Mot., p. 1)

     The effort to discern the plaintiff's intended claims was difficult in this case. The plaintiff filed his initial complaint on June 17, 2002. On February 5, 2003, the court granted the plaintiff's first motion to file an amended complaint. On September 9, 2003, it came to the court's attention that the plaintiff had two cases with the same claims. The court dismissed the other case, Case No. 02-1244, and asked the plaintiff to clarify which complaint he intended to proceed with. The clerk of the court provided the plaintiff with a copy of the most recent complaint filed to eliminate confusion. Instead, the plaintiff filed a motion for leave to file another amended complaint, but did not include a proposed copy of a complaint. The motion was denied. On May 19, 2004, the plaintiff filed a second motion to amend his complaint with a proposed amended complaint. This motion was allowed, and the second amended complaint was filed. The defendants responded with a motion to dismiss.

     The plaintiff's second amended complaint was filed pursuant only to 42 U.S.C. §1983 against two defendants: Pontiac Correctional Center Warden Stephen Mote and Illinois Department of Correctional Director Roger Walker. The plaintiff divided his complaint into seven "counts," but all of the allegations concerned the prohibition against any kind of curtain or covering in front of inmate showers or toilets. The plaintiff was specifically attacking an Illinois Department of Corrections Rule. The plaintiff did not make a general claim that the defendants discriminated

1

against male inmates.  The plaintiff specifically alleged that Rule #210 discriminated against male inmates.  The court found that the rule did not violate the plaintiff's constitutional rights.  Therefore, the issue was considered, and the plaintiff's motion is denied.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to reconsider the court's March 16, 2005 dismissal order is granted in part and denied in part. [d/e 74].  This case remains closed.**

**2) The clerk of the court is directed to strike paragraph #3 of the March 16, 2005 court order directing the Illinois Department of Corrections to send further payment on the filing fee in this case.  The plaintiff has paid the fee in full.**

**3) A copy of this order should be provided to the plaintiff's place of confinement to the attention of the Trust Fund Office**

Enter this__3/24/06_____ day of March, 2006.

                              **s\Harold A. Baker**
                      _____
                               HAROLD A. BAKER
                         UNITED STATES DISTRICT JUDGE